**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

GARRETT STEPHENSON,  GATEWAY     §
RECRUITING, LLC, INDIVIDUALLY,     §
AND ON BEHALF OF ALL OTHERS     §
SIMILARLY SITUATED;     §
    *Plaintiffs*     §
         §
-vs-     §          SA-22-CV-01296-XR
         §
RACKSPACE TECHNOLOGY, INC,     §
    *Defendant*     §

---

Q INDUSTRIES, INC., JOHN MOSER,     §
DANA MOSER WILKINSON,     §
INDIVIDUALLY, AND ON BEHALF OF     §
ALL OTHERS SIMILARLY SITUATED;     §
    *Plaintiffs*     §
         §
-vs-     §          SA-22-CV-01322-XR
         §
RACKSPACE TECHNOLOGY, INC,     §
    *Defendant*     §

## ORDER CONSOLIDATING CASES AND SETTING STATUS CONFERENCE

On this day, the Court considered the motion to consolidate and to appoint co-lead counsel (ECF No. 8) filed in *Q Industries, Inc. et al.. Rackspace Technology, Inc*., No. 5:22-cv-1322-XR. After careful consideration, the Court issues the following order.

### BACKGROUND

These cases arise from a cybersecurity incident purportedly discovered and announced by Defendant Rackspace Technology, Inc. ("Rackspace") on or about December 2, 2022, in which unauthorized individuals seemingly gained access to Defendant's information network. Garrett Stephenson and Gateway Recruiting, LLC ("Gateway") filed the first-filed class action on December 5, 2022, seeking damages, injunctive and equitable relief in connection with the

security incident. *Garrett Stephenson et al.. Rackspace Technology, Inc*., No. 5:22-cv-1296-XR ("*Stephenson* Action"), ECF No. 1. A second class action arising out of the security incident was filed the next day by Chris Ondo. *Chris Ondo v. Rackspace Technology, Inc.*, No. 5:22-cv-1306-XR ("*Ondo* Action"), ECF No. 1.

On December 12, 2022, the Court granted the *Stephenson* and *Ondo* Plaintiffs' motion to consolidate the cases under the Stephenson Action and appointing Cole & Van Note—counsel for Garrett Stephenson and Gateway—as interim Lead Counsel and Texas-based Sadovsky & Ellis as interim Liaison Counsel, under Federal Rule of Civil Procedure Rule 23(g)(3). *See Stephenson* Ation, ECF No. 8; *see also* ECF No. 9 (Amended Order).

On the same date, Q Technology, Inc., John Moser, and Dana Moser Wilkinson filed a third action against Rackspace arising out of the data breach, which was originally assigned to Judge Pulliam. *Q Industries, Inc. et al. v. Rackspace Technology, Inc*., No. 5:22-cv-1322-XR ("*Moser* Action"). Along with their complaint, the *Moser* Plaintiffs filed two notices: one identifying the first two Rackspace cases, ECF No. 2, and another clarifying that the *Moser* Plaintiffs did not oppose consolidation with the earlier cases but would oppose the appointment of interim class counsel as premature, ECF No. 3. Judge Pulliam transferred the *Moser* Action to the undersigned on December 13, 2022. ECF No. 6.

The *Moser* Plaintiffs now move to consolidate their case under the *Stephenson* Action and to appoint Nicholas Migliaccio of Migliaccio & Rathod LLP as additional interim co-lead counsel with Scott Edward Cole. ECF No. 8. They also ask the Court to establish a plaintiffs' steering committee for the consolidated cases and to appoint Jorge Herrera of The Herrera Law Firm and Robert Mackey of the Law Offices of Robert Mackey as members of the committee.

## DISCUSSION

Federal Rule of Civil Procedure 42(a) provides that if actions "involve a common question of law or fact," the court may "consolidate the actions" or "issue any other order to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973).

In determining whether consolidation is appropriate, the district court examines factors that include the following: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately. *See Harris v. Bexar Cnty.*, No. SA–08–CV–728–XR, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009); *Russo v. Alamosa Holdings, Inc.*, No. Civ. A. 5:03–CV–312–C, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004).

The Court concludes that the consolidation of the *Moser* Action under the *Stephenson* Acton is appropriate. The actions are now pending before the same court. They involve common questions of law and fact. Indeed, while the named Plaintiffs are different, both cases are putative class actions seeking to represent the same of group of putative litigants affected by the same data breach. Both include substantially the same federal and state claims for relief and seek the same or similar declaratory and injunctive relief, requiring Defendant to implement and maintain

adequate security measures, along with damages. Moreover, there is no risk of prejudice, confusion, or unfair advantage if the cases are consolidated, and the interests of judicial economy dictate that the matters be consolidated.

The Court previously appointed Cole & Van Note as interim lead counsel because the appointment was unopposed by the plaintiffs in the consolidated action at the time. The Court acknowledges the *Moser* Plaintiffs' objection that such an appointment was premature. Nonetheless, *Moser* Plaintiffs' motion to appoint additional lead counsel, to establish a plaintiff's steering committee, and to appoint members to the steering committee does not indicate whether the parties to the consolidated action oppose these administrative measures.

Given that consolidation is intended to promote coordination among parties and the efficient administration of related cases, the Court will defer ruling on the *Moser* Plaintiffs' requests until the remaining Plaintiffs in the consolidated action can be heard at a status conference to be held on **Friday, January 13, 2023** at **10:30 a.m.**

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to consolidate and motion to appoint interim class counsel filed in SA-22-CV-01322-XR (ECF No. 8) is hereby **GRANTED IN PART** and **DENIED IN PART**.

The Court hereby **ORDERS** that SA-22-CV-01322-XR be consolidated into the lead case, SA-22-CV-01296-XR, which was first filed. It is **FURTHER ORDERED** that all future filings be filed in SA-22-CV-01296-XR.

Given these circumstances, the Court concludes that SA-22-CV-01322-XR is appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir.

2014). The Clerk's Office is therefore **DIRECTED** to administratively close SA-22-CV-01322-XR pending further order of the Court.

The Court will **TAKE UNDER ADVISEMENT** the *Moser* Plaintiffs' motion to appoint interim co-lead class counsel, to establish a steering committee, and to appoint members to that committee.

This case is set for an in-person status conference and hearing on all pending motions, if any, on **Friday, January 13, 2023** at **10:30 a.m.** in Courtroom H, United States Courthouse, 262 West Nueva, San Antonio, Texas 78207. If the parties wish to proceed via Zoom, they must notify the Courtroom Deputy, Sylvia Fernandez, at least 48 hours in advance. The parties should be prepared to discuss all pending motions.

Plaintiffs to the consolidated action are **DIRECTED** to provide a courtesy copy of this order to any known counsel for Rackspace.

It is so **ORDERED**.

**SIGNED** this 23rd day of December, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE